```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF VERMONT

RHONDA LENAIR, Trustee of      :
the Lisa Trust,                :
          Plaintiff            :
                               :
     v.                        :     Civil No. 1:03CV299
                               :
WAYNE GAUTHIER and             :
LOIS GAUTHIER,                 :
          Defendants           :
_____:
```

<u>RULING ON PENDING POST-TRIAL MOTIONS</u>
(Papers 94, 96 and 97)

In this case, the plaintiff alleged the defendants were negligent when they failed to disclose material information relating to the condition and placement of a power line.  On December 15, 2005, a jury considered the evidence presented at trial and awarded plaintiff $36,500 in total damages.  <u>See</u> Judgment (Paper 91).  The parties have filed the following post-trial motions.

<u>Plaintiff's Motion for Additur or New Trial on Damages</u>
(Paper 94)

The plaintiff asks the Court to increase the jury's award to "$66,703.04."  She contends that "[t]here seems to be no rational way the jury could have arrived at the $36,500 verdict without compromise," Paper 94 at 2, and that she is therefore entitled either to additur or a new trial on the issue of damages.

1

"Additur is a practice by which a judge offers a defendant the choice between facing a retrial and accepting a damage award higher than that determined by the jury." <u>Liriano v. Hobart Corp.</u>, 170 F.3d 264, 272 (2d Cir. 1999).  Absent defendants' consent, the court is not free to use additur because increasing a jury's award, handed down after it considered disputed evidence, "would violate the Seventh Amendment right to a jury trial." <u>Gibeau v. Nellis</u>, 18 F.3d 107, 111 (2d Cir. 1994).

In this case, the plaintiff's premise that the jury's verdict could only be the result of compromising damages or ignoring relevant evidence is not supported by the record. Viewing all the evidence, the jury could have reasonably concluded that the plaintiff's estimate of damages was too high. In addition, the jury was instructed not only to consider the plaintiff's damage claim, but also the defendants' claim that the plaintiff herself did not mitigate her damages.  The Court assumes the jury followed its instructions and considered all evidence.  Under these circumstances, the Court cannot unilaterally increase the jury's award through additur.

Likewise, the plaintiff is not entitled to a new trial on the issue of damages.  "[F]or a district court to order a new trial under Rule 59(a), it must conclude that the jury reached a seriously erroneous result or . . . the verdict is a miscarriage of justice, i.e., it must view the jury's verdict as against the

2

weight of the evidence." <u>Manley v. Ambase Corp.</u>, 337 F.3d 237, 245 (2d Cir. 2003) (citations and quotation marks omitted). Other than displeasure with the verdict, the plaintiff has not identified any circumstance suggesting the jury reached a seriously erroneous result or that the verdict is a miscarriage of justice.  The amount of damages awarded by the jury is supported by evidence at trial and consistent with the Court's instructions.

The plaintiff's Motion For Additur or For a New Trial is DENIED.

<u>Defendant's Motion for Judgment as a Matter of Law</u>
(Paper 97)

The defendant has moved for judgment as a matter of law under Fed. R. Civ. P. 50(b).  The standard for granting this motion is well-established:

> Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor.  In deciding such a motion, the court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence.  Thus, judgment as a matter of law should not be granted unless (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it].

DiSanto v. McGraw-Hill, Inc./Platt's Div., 220 F.3d 61, 64 (2d Cir. 2000) (citation omitted; alterations in original).

The defendant cannot meet this substantial burden. The jury's verdict is supported by evidence presented at trial, including testimony that suggests the defendants were negligent in failing to reveal facts which did not appear in the land records. Those facts include those related to the line's improper placement outside its easement and its questionable condition, thereby requiring its replacement. In addition, testimony indicated that CVPS informed the defendant that it would cost approximately $35,000, plus an amount entitled "tax assessment," to replace the line, a figure close to the amount awarded by the jury.

Upon reviewing the evidence in a light most favorable to the plaintiff, see Palazzetti Import/Export, Inc. v. Morson, 54 Fed. Appx. 698 (2d Cir. 2002), the Motion is DENIED.

### Motion for Non-Possessory Attachment of Real Estate
(Paper 96)

Fed. R. Civ. P. 64 authorizes the court to issue any attachment authorized by state law "for the purpose of securing satisfaction of the judgment . . . ." Under Rule 4.1(a) of the Vermont Rules of Civil Procedure, real estate may be attached and held to satisfy a judgment for damages.

4

The plaintiff has requested an attachment on defendants' property in Fort Ann, New York, in the amount of $38,296.27.  The defendants have failed to file a timely objection to the request.  Nevertheless, the plaintiff has provided no authority for her contention that a Vermont court can directly order attachment of real property located in another state.  See, e.g., Keeton v. Hustler Magazine, Inc., 815 F.2d 857 (2d Cir. 1987) (discussing registration and enforcement of out-of-state judgment in New York).

The Motion for Non-Possessory Attachment of Real Estate is DENIED without prejudice to renew upon a showing that the Court has the authority to issue an order affording this plaintiff such relief.

SO ORDERED.

Dated at Brattleboro, Vermont, this 21st day of February, 2007.


/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge

5